**Abatement Order filed May 20, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00121-CR
_____

**EDDIE IBARRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1367286**

## ABATEMENT ORDER

Appellant is represented by appointed counsel, Tony Aninao. On April 30, 2014, time to file appellant's brief expired without a brief and no motion for extension of time was filed. *See* Tex. R. App. P. 38.6(a). Counsel and the trial court were notified on May 1, 2014, that no brief had been received. No response from appellant has been received.

In addition, this court notified the trial court on March 26, 2014 that the certifications of the defendant's right of appeal in our record do not comport with the recitation in the judgment. The certifications both state this "is not a plea-bargain case, and the defendant has the right of appeal." The judgment states that the "Terms of Plea Bargain" are for a sentence of twenty years in prison. The record also reflects that appellant's plea was made subject to a pre-sentence investigation.

Accordingly, the record requires correction, and we requested the trial court to:

1. remedy the defect by correcting the judgment to reflect that the guilty plea was not made pursuant to a plea bargain, or alternatively, filing a certification of the defendant's right of appeal stating that the case is a plea bargain and appellant either has no right of appeal, was granted permission to appeal, or is appealing a pre-trial ruling;

2. instruct the trial court clerk to prepare and certify a supplemental clerk's record containing the corrected judgment or certification; and

3. instruct the clerk to file the supplemental clerk's record with this Court within 30 days of the date of this notice.

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 337th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether the judgment or certification should be corrected; (b) whether appellant desires to prosecute his appeal; (c) whether appellant is indigent; (d) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (e) the reason for the failure to file a brief; (f) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new

counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions and any corrected judgment or certification. Those records shall be filed with the clerk of this court on or before **June 20, 2014.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38. REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.